1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2
    HALLIE HOFFMAN (CABN 210020)
3   Chief, Criminal Division

4   THOMAS R. GREEN (CABN 203480)
    Assistant United States Attorney
5
       1301 Clay Street, Suite 340S
6      Oakland, CA 94612
       Telephone: (510) 637-3695
7      Fax: (510) 637-3724
       E-Mail: Thomas.Green@usdoj.gov
8
    Attorneys for United States of America
9
                        UNITED STATES DISTRICT COURT
10
                     NORTHERN DISTRICT OF CALIFORNIA
11
                            OAKLAND DIVISION
12

13  UNITED STATES OF AMERICA,          )  CASE NO.: 20-70882-MAG
                                       )
14          Plaintiff,                 )  [~~PROPOSED~~] ORDER
                                       )  DETAINING DEFENDANT
15      v.                             )
                                       )
16  JESSE LEE BROWN,                   )
        a/k/a JESSEE LEE BROWN X III   )
17                                     )
            Defendant.                 )
18  _____ )

19

20               __ORDER OF DETENTION PENDING TRIAL__

21          On July 1, 2020, a Criminal Complaint was filed in the Northern District of California, charging

22  the defendant, Jesse Lee Brown, with violating Title 18, United States Code, Section 922(g)(1) – felon

23  in possession of a firearm and ammunition.  Defendant made his initial appearance on July 7, 2020, and

24  this matter was set for a detention hearing on July 13, 2020.

25          A detention hearing was held on July 13, 2020, with the Court and all parties appearing at the

26  hearing via a Zoom video conference.  At the detention hearing, the defendant was present via video

27  appearance and represented by his attorney, Federal Public Defender Jerome Matthews.  The defendant

28  waived his personal appearance and consented to appearance by video.  A United States Pretrial

Services Agency Officer was also present at the hearing. Pretrial Services submitted a Pre-Bail Report, which recommended detention, based on a conclusion that defendant was both a flight risk and a danger to the community. The parties submitted proffers and arguments.

Upon consideration of the court file, the parties' proffers at the detention hearing, and the Pre-Bail Report prepared by Pretrial Services, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court orders the defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In reaching its decision, the Court has considered those factors, including:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

After considering all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the Court finds, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, including because of: (1) the defendant's criminal history, which includes multiple firearm arrests and convictions, including a conviction for attempted murder in which the defendant fired multiple rounds from a firearm into a crowd of persons; (2) the nature and seriousness of the offense charged, which involves a firearm with an automatic sear, a "Glock" automatic switch, that is alleged to convert the firearm into a fully automatic handgun; (3) defendant being subject to an active restraining order; (4) the Pre-Bail report

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
20-70882-MAG

noting defendant's prior failures to follow court orders, including incurring numerous charges for failures to appear and parole violations; and (5) the defendant's multiple charges for obstruction and resisting officers and charges related to not driving with a license or providing false information to officers, which is also alleged to have happened at the time of defendant's arrest for the charge in this case.

After considering all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the Court also finds that no condition or combination of conditions will reasonably assure defendant's appearance at future proceedings, particularly because defendant's criminal history reflects numerous charges and arrests for the aforementioned failures to appear, obstructing and resisting officers and providing false information to officers, including in the present case.

The Court has reviewed and considered the proffered surety by defendant, the residences defendant requested during Pretrial Services' investigation, and the defense's request at the hearing that defendant be placed in lock-down at a halfway house, but finds that none of these proffered solutions, or any combination of conditions, will reasonably assure defendant's appearance as required or the safety of any other person and the community.

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS HEREBY ORDERED THAT:

(1)     Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     Defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3)     on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

//

//

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
20-70882-MAG

1         This Order is without prejudice to reconsideration at a later date if circumstances change.

2

3   IT IS SO ORDERED.

4

5         July 16, 2020

6                                                      THE HONORABLE SALLIE KIM
                                                       United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
20-70882-MAG