DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    thomas.green@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4-20-70882 MAG |
| Plaintiff, | |
| v. | **STIPULATION AND [~~PROPOSED~~] ORDER EXCLUDING TIME UNTIL AUGUST 7, 2020** |
| JESSE LEE BROWN, a/k/a JESSEE LEE BROWN X III, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States

Attorney for the Northern District of California and Assistant United States Attorney Thomas R. Green,

and defendant Jesse Lee Brown (Brown or defendant), by and through his counsel of record, Assistant

Federal Public Defender Joyce Matthews, hereby stipulate as follows:

    1.    On July 1, 2020, the Honorable Kandis A. Westmore signed a federal criminal complaint

charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On July 7, 2020, defendant made his initial appearance and was advised of the charge on the criminal

complaint.  On July 13, 2020, a detention hearing was held, and the Honorable Sallie Kim issued an

order detaining defendant.

STIPULATION AND ~~PROPOSED~~ ORDER
CASE NO. 4-20-70882 MAG

2.     At the conclusion of the July 13, 2020 appearance, the parties requested the Court to set this matter for a status hearing regarding the setting of preliminary hearing at 10:30 a.m. on August 7, 2020.  The parties articulated that they were in agreement that time should be excluded under the Speedy Trial Act until that time and that defendant would waive time between the July 13, 2020 appearance and the requested August 7, 2020 appearance, as it related to both the timing of any preliminary hearing under Federal Rule of Criminal Procedure 5.1, and the timing for indictment under the Speedy Trial Act. Based on the record made at the hearing, the Court indicated that it would sign such an order.  The parties now submit this stipulation and proposed order to the Court to document their agreement and seek the requested order.

3.     The government has produced discovery relating to defendant's arrest and criminal history.  The government and defendant are exploring the potential for a pre-indictment disposition. Counsel for defendant Brown requires additional time to review discovery and discuss and advise the defendant regarding the evidence, including as to the merits of a potential pre-indictment disposition. The present rules governing visits to Santa Rita Jail and the need for the defense to schedule meetings with defendant further support the requested continuance.  Thus, with the consent of defendant, counsel for defendant represents that additional time is necessary to review the discovery in this action, confer with defendant, conduct and complete an independent investigation of the case, and prepare for trial in the event that a pre-indictment resolution does not occur.

4.     Defense counsel represents that defendant understands that he has a right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal complaint and that defendant knowingly and voluntarily waives the time to be charged by indictment or information from Speedy Trial Act calculation until August 7, 2020.  Defense counsel further represents that his client knowingly and voluntarily waives the timing for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 for the time period of July 13, 2020, until the status hearing date of August 7, 2020.

5.     For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be charged by indictment or information, the parties agree that the time period of July 13, 2020, to August

STIPULATION AND ~~PROPOSED~~ ORDER
CASE NO. 4-20-70882 MAG

1    7, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(b), (h)(7)(A), (h)(7)(B)(i) and

2    (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request,

3    without government objection, on the basis of the Court's finding that: (i) the ends of justice served by

4    the continuance outweigh the best interest of the public and defendants in the filing of an information or

5    indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance

6    would unreasonably deny defense counsel the reasonable time necessary for effective preparation,

7    taking into account the exercise of due diligence

8         6.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy

9    Trial Act dictate that additional time periods be excluded from the period within which an information

10   or indictment must be filed.

11        7.    The defendant has communicated to defense counsel that he desires to set this matter for

12   a status hearing on August 7, 2020, and agrees to the stipulations expressed in this filing, for all of the

13   reasons described in this stipulation.  The undersigned Assistant United States Attorney certifies that he

14   has obtained approval from counsel for the defendant to file this stipulation and proposed order.

15

16        IT IS SO STIPULATED.

17

18   DATED: July 16, 2020                    Respectfully Submitted,

19                                           DAVID L. ANDERSON
                                             United States Attorney
20

21                                           /s/ *Thomas R. Green*
                                             THOMAS R. GREEN
22                                           Assistant United States Attorney

23                                           /s/ *Jerome Matthews*
                                             JEROME MATTHEWS
24                                           Attorney for Jesse Lee Brown

25

26

27

28

STIPULATION AND ~~PROPOSED~~ ORDER
CASE NO. 4-20-70882 MAG

1

**[~~PROPOSED~~] ORDER**

2      The Court has read and considered the Stipulation Regarding Request for (1) Continuance of

3  Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the

4  parties in this matter.  The Court hereby finds that the Stipulation, which this Court incorporates by

5  reference into this Order, demonstrates facts that support a continuance in this matter, and provides good

6  cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to

7  waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

8      The Court further finds that: (i) the ends of justice served by the continuance outweigh the best

9  interest of the public and defendants in the filing of an information or indictment within the time period

10  set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny

11  defense counsel the reasonable time necessary for effective preparation, taking into account the exercise

12  of due diligence.

13  THEREFORE, FOR GOOD CAUSE SHOWN:

14      The Court sets this matter for a status hearing regarding preliminary hearing on August 7, 2020.

15  The time period of July 13, 2020, to August 7, 2020, inclusive, is excluded in computing the time within

16  which an information or indictment must be filed under 18 U.S.C. § 3161(b), and the time by which any

17  trial must commence pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

18  The Court also finds that defendant waives the timing by which a preliminary hearing must be held

19  pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure for the time period of July 13, 2020

20  until August 7, 2020.  Nothing in this Order shall preclude a finding that other provisions of the Speedy

21  Trial Act dictate that additional time periods are excluded from the period within which an information

22  or indictment must be filed.

23      IT IS SO ORDERED.

24

25  July 16, 2020

26  _____          _____
   DATE                                      HONORABLE SALLIE KIM

27                                            UNITED STATES MAGISTRATE JUDGE

28