| | |
|---|---|
| 1 | DAVID L. ANDERSON (CABN 149604)<br>United States Attorney |
| 2 | |
| 3 | HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division |
| 4 | THOMAS R. GREEN (CABN 203480)<br>Assistant United States Attorney |
| 5 | |
| 6 | 1301 Clay Street, Suite 340S<br>Oakland, California 94612 |
| 7 | Telephone: (510) 637-3680<br>FAX: (510) 637-3724<br>thomas.green@usdoj.gov |
| 8 | |
| 9 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4-20-mj-70882 MAG |
| Plaintiff, | ) | |
| v. | ) | **STIPULATION AND [PROPOSED] ORDER SETTING MATTER FOR PRELIMINARY HEARING OR ARRAIGNMENT AND EXCLUDING TIME UNTIL SEPTEMBER 22, 2020** |
| JESSE LEE BROWN,<br>a/k/a JESSEE LEE BROWN X III, | ) | |
| Defendant. | ) | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Thomas R. Green, and defendant Jesse Lee Brown (Brown or defendant), by and through his counsel of record, Assistant Federal Public Defender Joyce Matthews, hereby stipulate as follows:

1. On July 1, 2020, the Honorable Kandis A. Westmore signed a federal criminal complaint charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On July 7, 2020, defendant made his initial appearance and was advised of the charge on the criminal complaint. On July 13, 2020, a detention hearing was held, and the Honorable Sally Kim issued an order detaining defendant.

2. Pursuant to the parties' agreements and the Court's order, the Court has excluded under the Speedy Trial Act and with regards to the timing of any preliminary hearing under Federal Rule of Criminal Procedure 5.1, and the timing for indictment under the Speedy Trial Act, for all times through August 31, 2020.

3. On August 31, 2020, counsel for both parties appeared before Magistrate Judge Thomas Hixson. Counsel for both parties jointly requested that this case be set for either a preliminary hearing on the Complaint or arraignment on an anticipated potential Indictment or Information, on September 22, 2020. At the August 31 appearance, counsel for both parties indicated their intention to submit a stipulation to exclude time under the Speedy Trial Act and to expand the time for a preliminary hearing pursuant to Rule 5.1, until the September 22, 2020 appearance.

4. The parties now submit this stipulation and proposed order to exclude and waive time as it relates to both the timing of any preliminary hearing under Federal Rule of Criminal Procedure 5.1, and the timing for indictment or trial under the Speedy Trial Act, until the next appearance on September 22, 2020.

5. The government has produced discovery relating to defendant's arrest and criminal history. The discovery produced includes the production of video recordings made around the time of defendant's arrest. The government and defendant are exploring the potential for a pre-indictment disposition. Counsel for defendant Brown requires additional time to review discovery and discuss and advise the defendant regarding the evidence, including as to the merits of a potential pre-indictment disposition.

6. The present rules governing visits to Santa Rita Jail and the need for the defense to schedule meetings or telephone or videoconference calls with defendant further support the requested continuance. Thus, with the consent of defendant, counsel for defendant represents that additional time is necessary to review the discovery in this action, confer with defendant, conduct and complete an independent investigation of the case, and prepare for trial in the event that a pre-indictment resolution does not occur.

7. Defense counsel represents that defendant understands that he has a right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal

STIPULATION AND ~~PROPOSED~~ ORDER
CASE NO. 4-20-MJ-70882 MAG

1  complaint and that defendant knowingly and voluntarily waives the time to be charged by indictment or
2  information from Speedy Trial Act calculation until September 22, 2020. Defense counsel further
3  represents that his client knowingly and voluntarily waives the timing for a preliminary hearing under
4  Federal Rule of Criminal Procedure 5.1 until the requested status hearing date of September 22, 2020.

5        8.     For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal
6  Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be
7  charged by indictment or information, the parties agree that the time period of August 31, 2020, to
8  September 22, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(b), (h)(7)(A),
9  (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at
10 defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends
11 of justice served by the continuance outweigh the best interest of the public and defendants in the filing
12 of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to
13 grant the continuance would unreasonably deny defense counsel the reasonable time necessary for
14 effective preparation, taking into account the exercise of due diligence

15       9.     Nothing in this stipulation shall preclude a finding that other provisions of the Speedy
16 Trial Act dictate that additional time periods be excluded from the period within which an information
17 or indictment must be filed.

18       10.    Based on his communications with the defendant, defense counsel represents that
19 defendant desires to set this matter for a preliminary hearing or arraignment on September 22, 2020, and
20 agrees to the stipulations expressed in this filing, for all of the reasons described in this stipulation. The
21 undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for
22 the defendant to file this stipulation and proposed order.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

STIPULATION AND ~~PROPOSED~~ ORDER
CASE NO. 4-20-MJ-70882 MAG

1     IT IS SO STIPULATED.

3   DATED: August 31, 2020                        Respectfully Submitted,

                                                             DAVID L. ANDERSON
                                                             United States Attorney

                                                             /s/ *Thomas R. Green*
                                                             THOMAS R. GREEN
                                                             Assistant United States Attorney

                                                             /s/ *Jerome Matthews*
                                                            JEROME MATTHEWS
                                                            Attorney for Jesse Lee Brown

STIPULATION AND ~~PROPOSED~~ ORDER
CASE NO. 4-20-MJ-70882 MAG

# [~~PROPOSED~~] ORDER

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The Court sets this matter for a preliminary hearing or arraignment on September 22, 2020. The time period of August 31, 2020, to September 22, 2020, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b), and the time by which any trial must commence pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). The Court also finds that defendant waives the timing by which a preliminary hearing must be held pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure for the time period of August 31, 2020 through September 22, 2020. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

8/31/2020
DATE

HONORABLE THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND PROPOSED ORDER
CASE NO. 4-20-MJ-70882 MAG